IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DORIAN LEROY BUTLER, )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 18-792
)
ANDREW M. SAUL, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Dorian Leroy Butler ("Butler") seeks judicial review of the Social Security Administration's denial of his claim for supplemental security income ("SSI"). Butler alleges a disability onset date of June 27, 2013. (R. 18). (R. 15) Butler testified by telephone during a hearing in which a vocational expert ("VE") was present but did not testify. (R. 18) Thereafter Butler attended a consultative administrative examination regarding his intellectual functioning. Following the submission of a report regarding the results of the testing, the ALJ tendered a Request for Vocational Interrogatory to a VE. The VE thereafter forwarded responses and the ALJ issued a decision denying Butler's claim.  Butler then appealed. Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 12 and 15. For the reasons set forth below, the ALJ's decision is affirmed.

### Opinion

1. Standard of Review

1

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995

2

(1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

As stated above, the ALJ denied Butler's claim for benefits. More specifically, at step one of the five step analysis, the ALJ found that Butler had not engaged in substantial gainful activity since the application date. (R. 20) At step two, the ALJ concluded that Butler suffers from the following severe impairments: major depression with psychotic features; mood disorder; bipolar disorder; schizoaffective disorder; borderline intellectual functioning; and obesity. (R. 21) At step three, the ALJ concluded that Butler does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 23-27) Between steps three and four, the ALJ found that Butler has the residual functional capacity ("RFC") to perform work at all exertional levels with certain restrictions. (R. 28-39) At step four, the ALJ found that Butler has no past relevant work. (R. 39-40) At the fifth step of the analysis, the ALJ concluded that, considering Butler's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (R. 40-41) As such, the ALJ

concluded that Butler was not under a disability during the relevant period of time. (R. 41)

### III. Discussion

Butler limits his appeal to a single issue – the ALJ's assessment of his intellectual functioning. He contends that the ALJ erred in the evaluation of the consultative examiner's opinion regarding his intellectual functioning and, as a result, the denial of benefits was erroneous. His argument rests, in large part, upon the evaluation of Dr. Pacella's opinion.

Dr. Pacella,[1] the consultative examiner, diagnosed Butler, in part, with borderline intellectual functioning. (R. 1022) The ALJ gave this *diagnosis* significant weight but gave Pacella's conclusions regarding *functional limitations* only partial weight. (R. 38) Specifically, the ALJ accepted Pacella's findings such that Butler satisfied the requirements of Listing 12.05B(1) and (3) and 12.11A. Nevertheless, the ALJ rejected Pacella's findings to the extent that they supported the conclusion that Butler satisfied the requirements of 12.05B(2) and 12.11B. (R. 24-26)

Butler points to several of Pacella's findings which he contends support a conclusion that he does, in fact, satisfy these requirements. *See* ECF Docket No. 13, p. 13. Yet this is the wrong standard. The question before me is not:

> whether substantial evidence supports Plaintiff's claims or whether there is evidence that is inconsistent with the ALJ's findings…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y. of U.S. Dept. of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing, Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If substantial evidence supports the ALJ's findings, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

---

[1] Butler makes a passing reference to Dr. Deines' opinion but does not set forth any argument as to why the ALJ erred in the assessment of the opinion. Consequently, I decline to consider it.

*Hundley v. Colvin*, 2016 WL 6647913, at * 2 (W.D. Pa. Nov. 10, 2016). Consequently, Butler's contentions in this regard are not convincing.

Contrary to Butler's position, I find that the ALJ's assessment of Pacella's opinion is supported by substantial evidence of record and that the ALJ has provided sufficient explanation of her decision to allow this Court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r. of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). It is important to note that Pacella did not serve as Butler's "treating physician." His opinion did not "reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2010). As such, Pacella's opinion is not entitled to any deference or controlling weight. When viewed in this context, the ALJ appropriately accorded Pacella's opinion weight where the findings were supported by substantial evidence of record. For instance, Pacella's notation that Butler's recent and remote memory skills were limited; that Butler required some repetition of instructions; that he tended to give up easily; and that he was easily frustrated, all support Pacella's *diagnosis* of borderline intellectual functioning. (R. 35)

In contrast, where Pacella's opinion lacked record support, the ALJ's decision to accord the opinion less weight is supported by substantial evidence of record. For instance, Pacella noted that although Butler's ability to understand, remember, and carry out complex instructions was markedly limited, his ability to understand, remember, and carry out simple instructions was only "moderately" limited. (R. 1023) Similarly, Pacella concluded that Butler's ability to interact appropriately with the public, with supervisors and with co-workers was somewhere on the continuum between

moderately and markedly limited. (R. 1024) Pacella attributed Butler's placement on the continuum to Butler's criminal behavior. (R. 1024) Yet, as the ALJ noted, "[t]his criminal activity did not occur during a period of sobriety." (R. 38) *See also* (R. 1019, "From age 16, Mr. Butler began using alcohol and cocaine. He has been abstinent from cocaine use since 2015 but drank last weekend. He endorsed criminal behavior to support his habit (theft).") The ALJ also found that Pacella's recommendation to "consider referral to OVR" to suggest "some capacity for work … despite the determination of borderline intellectual functioning." (R. 38) The ALJ's findings in this regard are supported by those of Kerry Brace, the State agency psychological consultant, who determined that Butler "could understand, retain, and carry out simple work instructions and was able to perform concentration, persistence, and pace functions adequately for work involving simple repetitive tasks." (R. 37) Similarly, Brace found that, although Butler would have "marked limitations interacting with the public, his interactions with supervisors and co-workers were only moderately limited" and that "he could function in settings not involving undue work pressures or frequent changes in routine." (R. 37) These functional limitations are consistent with those the ALJ ultimately adopted. As such, I find no error in the ALJ's assessment of Pacella's opinion.

Given my holding in this regard, I am not persuaded by Butler's additional argument that the ALJ erred in finding that he failed to satisfy the requirements of Listings 12.05 and 12.11 at the third step of the analysis. Butler's contention is premised upon the success of his averment that the ALJ's assessment of Pacella's opinion was erroneous. As stated above, I reject that contention. Consequently, the challenge to the ALJ's findings at step three of the analysis is similarly unpersuasive.

6

Additionally, I find Butler's analysis wanting in that he does not address the ALJ's conclusion that the analysis for a diagnosis of borderline intellectual functioning should proceed under Listing 12.11 rather than under 12.05. (R. 26) Listing 12.11, which addresses "neurodevelopmental disorders," are "characterized by onset during the developmental period" specifically references borderline intellectual disorders. *See* Listing 12.00B(9) In contrast, Listing 12.05 addresses intellectual disorders which are "characterized by significantly subaverage general intellectual functioning" and "may be described in the evidence as intellectual disability, intellectual developmental disorder, or historically used terms such as 'mental retardation.'" *See* Listing 12.00B(4). Importantly, "[i]ntellectual disorder" does not include any neurodevelopmental disorders. *Id.*[2] As such, Listing 12.05 is inapplicable in this instance.

Nevertheless, both Listing 12.05 and Listing 12.11 share certain requirements.[3] Specifically, both Listings require an extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: understand, remember or apply information; or interact with others; or concentrate, persist, or maintain pace; or adapt or manage oneself. Even if I found Listing 12.05 to be applicable, and even if I accepted Pacella's functional limitations, Butler would not satisfy the requirements of Listing 12.05. Simply stated, Pacella does not identify the extreme limitation of one, or the marked limitation of two, areas of mental functioning. Pacella did not describe Butler as having any marked functional limitations other than in performing complex tasks. (R. 1023-24)

---

[2] Pacella specifically diagnosed Butler with borderline intellectual functioning in May of 2017. Given that timing, Listing 12.11 is applicable.
[3] The ALJ accepted that Butler satisfied the requirements of 12.05B(1) and (3) and 12.11A, but concluded that he did not satisfy the requirements of 12.05B(2) and 12.11B. (R. 24-26)

7

Further, the ALJ cited to other substantial evidence of record in support of the conclusion that Butler cannot meet these requirements. For instance, the ALJ noted that Butler could read, write, county money, and could take a bus. (R. 25) She also acknowledged that Butler had attended job fairs, interviewed for a job, and looked for work. (R. 32) The ALJ further found that Butler is able to take public transportation; interacts with a friend from childhood; is pleasant, cooperative and communicates effectively with treating providers; is compliant with mental health treatment when he abstains from substance abuse and does not have suicidal or homicidal ideations or any delusions or auditory hallucinations; is independent in self-care and is capable of performing basic household tasks and daily activities. (R. 26-27) This constitutes more than substantial evidence supporting the ALJ's conclusion that Butler did not meet the Listing requirements at the third step of the analysis. As such, there is no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORIAN LEROY BUTLER )<br>  Plaintiff, )<br>)<br> -vs- )<br>)<br>ANDREW M. SAUL )<br>)<br>  Defendant. ) | Civil Action No. 18-792 |

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 2nd day of July, 2019, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 12) is DENIED and the Defendant's Motion for Summary Judgment (Docket No. 15) is GRANTED. It is further ORDERED that the ALJ's decision is AFFIRMED. This case shall be marked "Closed" forthwith.

            BY THE COURT:

            /s/ Donetta W. Ambrose
            Donetta W. Ambrose
            United States Senior District Judge